UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| Loretta Hicks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Denis McDonough, in his official capacity ) | |
| as Secretary of Veterans Affairs, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

COMES NOW, the Plaintiff, Dr. Loretta Hicks, by and through undersigned counsel, who alleges and says unto this Honorable Court the following:

## INTRODUCTION

1. This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination and retaliation in violation of the following:

    A. Title VII of the Civil Rights Act of 1964, as amended, §701 et. seq., 42 U.S.C. §2000e et seq.; along with 1991 Civil Rights Act, *as amended* ("Title VII");

    B. Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA);

    C. Rehabilitation Act of 1973, *as amended*, 29 U.S.C. §701 *et. seq.*;

1

D. Family Medical Leave Act (FMLA) of 1993, 29 USC 2601 *et seq.*, as amended;

E. General Policy of the Government prohibiting retaliation for opposing all civil rights practices listed above, 29 C.F.R. §1614.101(a)&(b).

2. This Court has jurisdiction of this matter under 42 U.S.C. § 2000e-5(f), and under 28 U.S.C. §§1331 and 1343(4).

3. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous business activity in this district; is subject to personal jurisdiction in this district; and, because all of the acts underlying this lawsuit occurred in this district.

4. Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said Act, and FMLA, 29 USC 2601, et seq.

5. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

6. Plaintiff is an African American Female over the age of 40 with disability and a citizen of the United States and a resident of Florence County, South Carolina.

7. Plaintiff is informed and believes that Defendant, the US Department of Veterans Affairs, (hereinafter "VA"), is a federal agency conducting business in the County of Florence, State of South Carolina, at VA Community Based Outpatient Clinic

located in Florence, South Carolina. Defendant Denis McDonough is the secretary of Veterans Affairs and is sued in his official capacity as the head of the agency.

8. Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b); 42 U.S.C. §12111(2)and (5); Section 501 of the Rehabilitation Act.

9. The Plaintiff has exhausted all administrative remedies in that Plaintiff an Order from the Equal Employment Opportunity Commission dated September 7, 2023 directing the Agency to provide a Final Agency Decision on the Record. The Agency finally issued its Final Agency Decision (FAD) on March 11, 2024.

10. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court and brings this action within ninety (90) days of the receipt of the final agency decision.

## STATEMENT OF FACTS

11. Plaintiff, a current employee of Defendant, has experienced discrimination and retaliation surrounding her need for reasonable accommodation within her workplace. Defendant attempted to remove Plaintiff as Chief Medical Officer and Physician rather than accommodate her; and the Disciplinary Appeals Board (DAB) reversed the removal and reinstated Plaintiff, thus proving the existence of unwarranted adverse employment action against Plaintiff.

12. On June 28, 2023, the Disciplinary Appeals Board, issued a decision in the matter of Dr. Loretta Hicks vs. Columbia VA Health Care System. Dr. Hicks had been removed from service and her credentials and privileges were suspended, and the following acts occurred:

      A.     Dr. Hicks was on summary suspension July 20, 2021 to October 29, 2021, and then on Administrative Leave and then Terminated October 25, 2022.

      B.     After a full hearing on the matter, Dr. Hicks was successful in proving to the Disciplinary Appeals Board (DAB) that she suffered a Loss in Clinical Privileges and Removal based on allegations that lacked evidentiary support.

      C.     Specifically the DAB concluded that the charge of loss of clinical privileges for failure to meet the standard of care "was not proven by a preponderance of the evidence."

      D.     As a result, the Department of Veterans Affairs reinstated Dr. Hicks to employment effective July 16, 2023 and will compensate Dr. Hicks with back pay from removal (10/25/22) to reinstatement (7/16/23), a period of 264 days or 37 weeks, 5 days or 8 months, 21 days.

13. Despite the Order of the DAB to restore Plaintiff's credential and issue back pay, Plaintiff experienced a lengthy delay from Defendants in complying with the Order. In addition, pursuant to the Back Pay Act, Plaintiff through counsel submitted a request for attorney fees July 2023 and as of the date of this complaint, no decision has ben issued by the VA regarding that request for Attorney Fees.

14. It is under the hostile work environment described above, that Plaintiff, Dr. Loretta Hicks, brings this discrimination complaint of discrimination and retaliation surrounding her need for reasonable accommodation and the adverse employment actions that followed.

15. On April 21, 2022, Plaintiff filed a charge of discrimination against officials at the Columbia VA Health Care System, EEOC Case Number, 430-2023-00284X, Agency Case Number, 200I-544-2022-143899.

16. While Plaintiff has alleged multiple acts of discrimination that represent a pattern and practice of discrimination and/or retaliation, Defendant's Office of Resolution Management Diversity and Inclusion ("ORMDI"), only accepted certain actions of Defendant that occurred from May 7, 2021 forward.

17. A Summary of Claims accepted under Plaintiff's EEOC case number are as follows:

   A. From May 7, 2021, Defendant failed to provide reasonable accommodation to Plaintiff upon request, to include allowing her additional time to chart or providing approved Ergonomic Assessment (EA) equipment or removing reasonable accommodations during Teams Calls and denying travel pay related to reasonable accommodation activities.

   B. On or about January 1, 2022, Defendant denied Plaintiff's request for Family Medical Leave Act (FMLA) protection.

   C. From May 7, 2021 to present, Defendant has sent Plaintiff threatening emails or ignored Plaintiff, failed to provide work equipment and assistance, and formed a committee to examine Plaintiff's competency and credentials.

   D. Defendant has detailed Complainant to work from home when she only needed an accommodation to work in office, has denied training or reassignment.

   E. Defendant disclosed Plaintiff's reasonable accommodation information publicly during a Teams Call.

F. Defendant failed to compensate Plaintiff with a COVID award bonus.

G. July 28, 2021 Defendant suspended Plaintiff's credentials and December 21, 2021, issued a summary suspension of Plaintiff, all without following proper protocol and without proper evidentiary support as decided by the Disciplinary Appeals Board when they reversed Defendant's suspension.

H. While failing to complete a Biennial review for Plaintiff and failing to provide Plaintiff her Fiscal Year 2021, 2022, 2023 Performance Standards, Defendant also arbitrarily and without cause downgraded Plaintiff's Executive Career Field (ECF) rating and denied her request for reconsideration.

I. Defendant terminated Plaintiff without cause or justification and revoked privileges under the following protracted improper process:

1) Defendant created a "peer group" to assess Plaintiff;

2) Defendant issued a proposed removal of Plaintiff in May 2022;

3) Defendant removed Plaintiff's supervisory access in August 2022;

4) Defendant issued Plaintiff a proposed removal from Federal Service to include revocation of privileges effective October 29, 2022.

18. Defendant removed Plaintiff in a degrading manner when they contacted Plaintiff for a meeting to discuss their proposed removal and revocation, and only met with her to deliver the final decision of removal, without proper discussion or investigation with Plaintiff.

19. Defendant treated Plaintiff differently on the basis of race, age, disability or perceived disability, and in retaliation all within the terms, privileges, and conditions of employment.

20. Plaintiff is aware of other employees of a difference race, gender of younger age, or working without disabling conditions, who were not suspended, recommended for removal, issued a revocation of privileges and credentials, detailed to work from home, denied COVID bonus pay, or issued downgraded executive career field rating.

21. Plaintiff is African American female, over the age of 40, living with disabling conditions of right ulnar nerve entrapment with deformity, tremors, and anxiety. The physical disability of her right hand is apparent to anyone through observation. The tremors cause emotional reactions.

22. Defendant cannot articulate a legitimate business reason for the ongoing hostile work environment it has created for Plaintiff.

23. Defendant was found to have improperly suspended, removed and revoked privileges of Plaintiff by a competent Disciplinary Appeals Board (DAB); thus proving Defendant's stated reason for mistreatment of Plaintiff is pretext.

24. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, that was improper and violated Defendant's own practice and standards and in a manner which had a disparate impact on Plaintiff.

25. As a result of the acts of discrimination and retaliation within Defendant's employment practices and work environment, Plaintiff had suffered loss of employment position, loss of equal pay, compensatory damage, emotional harm and

distress, financial distress, as well as harm to her personal and professional reputation and loss of prospective employment relationships.

## COUNT I
### (TITLE VII VIOLATION – Race, Sex and Reprisal)

26. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

27. Plaintiff, an African American Female Employee of Defendant, was performing satisfactorily before suffering a disabling condition.

28. Defendant then began to hold Plaintiff to a different standard of work performance, exhibited extra scrutiny of Plaintiff, denied accommodations, training, and privileges in a manner unequal to the work environment provided to employees of a different race or different gender.

29. Plaintiff engaged in the protected activity of making internal complaints and making previous ORMDI complaint number 200I-0544-2021-102135. Plaintiff made her claims of discrimination known to Defendant throughout 2021- present.

30 Defendant knew or should have known through ORMDI contact made to Defendant representatives for statements or interviews that Plaintiff engaged in protected activity.

31. Defendant then retaliated against Plaintiff for her complaints by engaging in the adverse employment actions against Plaintiff.

32. Plaintiff is aware of other employees of a difference race, gender of younger age, or working without disabling conditions, who were not  subjected to these adverse

employment actions: suspension, recommendation for removal, issuance of a revocation of privileges and credentials, being detailed to work from home, denied COVID bonus pay, or issued downgraded executive career field rating.

33. The foregoing actions of Defendant and its representatives discriminated and retaliated against Plaintiff on the basis of race, sex and reprisal all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2.

34. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT II
## (ADEA VIOLATION – AGE)

35. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

36. Plaintiff, an Employee of Defendant over the age of 40, was performing satisfactorily before suffering a disabling condition.

37. Defendant then began to hold Plaintiff to a different standard of work performance, exhibited extra scrutiny of Plaintiff, denied accommodations, training, and privileges in a manner unequal to the work environment provided to employees of a different age younger than Plaintiff.

38. Plaintiff is aware of other employees of a younger age who were not subjected to these adverse employment actions: suspension, recommendation for removal,

issuance of a revocation of privileges and credentials, being detailed to work from home, denied COVID bonus pay, or issued downgraded executive career field rating.

39. The foregoing actions of Defendant and its representatives discriminated and retaliated against Plaintiff on the basis of age all in violation of Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a, as amended ("ADEA).

40. Plaintiff has suffered injury, including immediate and irreparable injury as described in the statement of facts, as a direct and proximate result of the Defendant's violation of all said rights as alleged herein.

## COUNT III
### ( Rehabilitation Act - Disability)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint.

42. Defendant is a covered entity for purposes of Section 501 of the Rehabilitation Act; and Plaintiff is a qualified individual with a disability that affected her ability to work without restrictions.

43. As described above, Defendant's adverse employment actions and practices against Plaintiff violate Section 501 of the Rehabilitation Act of 1972 as amended, 29 U.S.C. §791 et. seq.("Section 501").

44. Defendant, in the above described actions from failure to accommodate to refusal to provide equipment to disclosing Plaintiff's accommodation needs and disabilities, has discriminated against Plaintiff, and excluded her from the benefits of Defendant's employment because of Defendant's perception of Plaintiff as disabled

or Plaintiff's disabling condition which causes Plaintiff to need reasonable accommodations to complete all work duties.

45. Additionally, Defendant has failed to provide a reasonable accommodation or perform an interactive accommodation search in compliance with the Rehabilitation Act that would enable Plaintiff meaningful access to Defendant's employment programs, services, and activities.

46. Defendant failed to take swift action in cases involving severe and pervasive ongoing discriminatory harassment and hostile work environment created by coworkers, managers, department heads or administration.

47. In direct violation of the Rehabilitation Act's requirement that federal agencies take affirmative actions to provide reasonable accommodations to Plaintiff, Defendant's willful decision to deny FMLA protection, accommodations, accommodating equipment, transfer or any other accommodation request amount to a failure to accommodate Plaintiff's disabilities.

48. As a result of Defendant's violations of the Rehabilitation act, Plaintiff was damaged by the loss of employment compensation and employment opportunities as well as damage to personal and professional reputation and emotional and financial distress.

## COUNT III
## ( FMLA INTERFERENCE AND RETALIATION)

49. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint.

50. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

51. At the time the FMLA violations in 2021- 2022, Plaintiff had been employed by Defendant, an employer as defined under FMLA, for at least twelve (12) months.

52. Defendant employed in excess of 50 employees at the location where Plaintiff worked 2021 and 2022.

53. Further, Plaintiff had worked at least 1,250 hours for Defendant during the 12 months prior to requesting leave due to a spouse serious health condition in 2021 and 2022.

54. Plaintiff was given unreasonable performance standards and then placed under strict scrutiny, suspended, had privileges revoked and was terminated for events and issues surrounding her need for FMLA protection which Defendant was aware of and had notice of.

55. Plaintiff was entitled to receive leave pursuant to the FMLA and Defendant was not permitted to interfere with Plaintiff's rights under FMLA or retaliate against Plaintiff for exercising her rights under the FMLA.

56. Plaintiff provided notice to Defendant of her need for FMLA protection and had granted Plaintiff FMLA protection before then arbitrarily denying FMLA protection for the same or similar conditions.

57. Defendant's policies and practices regarding leave and discipline interfered with Plaintiff's FMLA rights because it interfered with Plaintiff's FMLA rights to take FMLA leave without disciplinary action demotion and discharge. Plaintiff was listed

in the system as AWOL, her leave times reflect suspensions, and her record contains admonishment(s).

58. Defendant subjected Plaintiff to hostile work environment, disciplined and discharged Plaintiff as a result of Plaintiff's absence and performance issues relating to coverage training and subordinate duties, all because Plaintiff exercised FMLA rights and opposed Defendant's treatment of her in response to the exercise of her rights.

59. Defendant engaged in adverse employment actions against Plaintiff despite having knowledge of Plaintiff's need for FMLA qualifying leave and right to job protection, in violation of the FMLA.

60. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under FMLA without retaliation, by refusing her equal employment conditions in close proximity to the exercise of her leave rights.

61. Thus, when Plaintiff tried to exercise her leave rights under FMLA or FMLA eligible, Defendant willfully retaliated against Plaintiff by creating a hostile work environment, and issuing disciplinary actions without good cause and discharging Plaintiff.

62. Defendant's retaliatory actions and interference violations constitute unlawful acts under FMLA pursuant to 29 U.S.C. §2615(a)(2) and 29 U.S.C. § 2915(a)(1).

63. Plaintiff suffered economic and emotional damages as well as loss of employment opportunities and harm to her personal and professional reputation as a result of Defendant's violation of 29 U.S.C. §2615(a)(2) and 29 U.S.C. § 2915(a)(1).

**WHEREFORE**, Plaintiff respectfully prays that this Court:

A.  Award Plaintiff costs of this action, together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117; under 42, U.S.C. §2000e-5(k), 29 U.S.C.A. § 2617(a)(3);

B.  Direct Defendant to pay Plaintiff compensatory damages; damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury;

C.  Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

D.  Award Plaintiff, reinstatement, back pay, and other compensatory and punitive damages in an amount to be determined by a jury; Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii) and (a)(1)(B);

E.  Award Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: _s/ Pheobe A. Clark_
**Pheobe A. Clark**, Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
Fax:   (843) 669-5150

April 1, 2024

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| Loretta Hicks,                           )<br>                                                    )<br>           Plaintiff,               )<br>                                                    )     **VERIFICATION**<br>vs.                                               )<br>                                                    )<br>Denis McDonough, in his official capacity )<br>as Secretary of Veterans Affairs       )<br>                                                    )<br>           Defendants.            )<br>_____ ) | |

    **Loretta Hicks**, being duly sworn, says she is the Plaintiff herein, and she has read the Complaint in this matter, and knows the contents thereof; that the same is true of her own knowledge, except as matters therein stated to be alleged on information and belief; and, to those matters, she believes them to be true.

                                                    _/s/ Loretta Hicks_____
                                                    **Loretta Hicks, Plaintiff**

Sworn to and Subscribed before
me this __1__ day of __April__, 2024.

_/s/ Xina H. Stone_____(L.S.)
Notary Public for South Carolina
My Commission Expires: __2-26-28__